IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KARLA K. SCHROEDER, D.W.S. and J.D.S.,

                Plaintiffs,

v.                                                      OPINION & ORDER

NANCY A. BERRYHILL,                                    16-cv-491-jdp
   Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Karla K. Schroeder, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security denying her application for survivor's benefits on behalf of her children. Plaintiff's husband, David Schroeder, wandered off in 2012, leaving his medication, wallet, and all forms of identification behind. David has not been seen since the day he disappeared, despite extensive searches by government agencies and plaintiff's diligent and public campaign to find her husband. He has been declared dead by the state court. The benefits under his life insurance policy have been paid out. The family held his funeral. But the administrative law judge concluded that plaintiff failed to provide evidence that shows conclusively that her husband had died, and so he denied plaintiff's application for benefits for her and her children.

      The Commissioner has filed a motion to remand the case for further consideration, stating that "the ALJ appears to have erred in considering evidence related to" whether David Schroeder is considered deceased for purposes of Social Security survivor's benefits. Dkt. 21, at 2. The Commissioner says that on remand, the ALJ will attempt to obtain records from the life insurance company showing the extent of the company's investigation into David Schroeder's disappearance. The Commissioner contends that I should remand for further

consideration rather than awarding benefits because there is lingering doubt about David's death.

The court set a deadline for plaintiff to respond to the Commissioner's motion to remand. Plaintiff did not file a formal response directly with the court, but she has submitted correspondence to the Social Security Administration lawyer who is representing the Commissioner in this case, asking the Commissioner's lawyer to convey those materials to the court. Dkt. 22, Dkt. 23. In Dkt. 23, plaintiff says that she does not oppose remand, and she submits some additional evidence that she would like me to consider.

On an appeal of a decision of the Social Security Administration, I review the record as it was presented to the ALJ. I cannot consider additional evidence. But I see no need for the ALJ to consider any additional evidence, because the only reasonable conclusion from the evidence already submitted to the ALJ is that David Schroeder is dead. The Commissioner is correct that I can order benefits only when all factual issues have been resolved and the record supports the claimant's entitlement to benefits. *Allord v. Astrue*, 631 F.3d 411, 417 (7th Cir. 2011). But I disagree that there is any "lingering doubt" about whether David is dead.

The ALJ concedes that the evidence establishes a "substantial probability that the wage earner [David] is in fact dead." R. 31. Of course plaintiff must rely on circumstantial evidence because the only direct evidence—David's body—has never been found. According to the ALJ, circumstantial evidence of death is sufficient only if either (a) seven years have passed so that the person is presumed dead, or (b) "there [is] some sort of disastrous or catastrophic occurrence." R. 30. Basically, the ALJ tells plaintiff that she has to wait for seven years to pass, and then the evidence she has submitted will be good enough. R. 31.

I suppose that there is some metaphysical doubt about whether David is dead, because we do not have his body, and thus we must rely on circumstantial evidence. But the excruciatingly remote possibility that David is alive somewhere will remain even after seven years pass and his death is presumed. Plaintiff has shown what she can, and it is sufficient to extinguish all reasonable doubt. The ALJ misreads the regulations when he concludes that "[t]he law and guidance in general shows that if the fact of death is proven by circumstantial evidence, there must be some sort of disastrous or catastrophic occurrence." R. 30. The authorities cited by the ALJ say that a "specific peril" is merely *one* of the circumstances that may be considered in evaluating circumstantial evidence of death. *See* PR 2905.019; PR 2905.014. The ALJ is required to consider all the evidence and then make a reasoned judgment about whether the David is dead. POMS GN 00304.025 ("The amount of evidence needed to establish death as the inevitable conclusion from all the circumstances of the disappearance depends on the facts developed. NOTE: There is no prescribed amount of time that must pass before we can establish a death based on circumstantial evidence.").

The ALJ here thought that the embarrassment and minor criminal charges related to David's drunken and erratic behavior the night before he disappeared would provide a motive for him run away and set up life somewhere else. R. 31. And, the ALJ speculates, others have managed to disappear and then generate means to support themselves without access to their social security number or connection to their past. The idea that the drunken episode was so embarrassing that he would immediately abandon his wife, children, and a livelihood is too far-fetched to credit. The record suggests the contrary: prior to an apparent mental health crisis, David was a loving and reliable husband and father. R. 310-12. And nothing in this record that suggests that David was actually equipped to vanish and re-establish himself

3

Jason Bourne-style, without leaving a trace anywhere. Again, the actual evidence makes this essentially impossible: David suffered from severe diabetes and would not survive long without medication.

Cast against the imagination of the ALJ are the more practical and realistic determinations of the state court, which certified his death, and the insurance company, which paid a six-figure death benefit to David's family. The insurance company may not have commissioned its own aggressive investigation, but that's probably because there was simply no reason to doubt that David was dead. Plaintiff and government agencies conducted a sustained, all-out search for David, coming up with nothing.

The conclusion is indeed inevitable: David is dead. It's time to let him rest in peace, and to let his family have the social security benefits that David earned for them while he was alive. I will remand the case so that the Commissioner can calculate benefits.

### ORDER

IT IS ORDERED that:

1. Acting Commissioner of Social Security Nancy A. Berryhill's motion to remand this case, Dkt. 21, is GRANTED in part. The decision of the Commissioner of Social Security denying plaintiff Karla K. Schroeder's application for survivor's benefits is REVERSED under sentence four of 42 U.S.C. § 405(g), and the case is REMANDED with instructions to grant the application for benefits.

2. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered February 28, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge